John Joseph Volin #009880
Trucly D. Pham #026088
2033 East Warner Road, Suite 106
Tempe, Arizona 85284
Phone: (480) 820-5568
Fax:   (480) 820-3575
E-mail: joe@volinlaw.com
        tpham@volinlaw.com
Attorneys for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>KEVIN GLEN BROWN,<br><br>Debtor. | Case No. 2:09-bk-08558-GBN<br><br>Chapter 13 Proceeding |
| KEVIN GLEN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Adv. No. _____<br><br>**COMPLAINT PURSUANT TO 11 U.S.C. § 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM** |

## INTRODUCTION

Plaintiff, by and through undersigned counsel, brings this action pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of U.S. Bank National Association in the residential real estate of the Plaintiff and determine the amount of the allowed secured claim of the Defendant.

1

## JURISDICTION

1. Plaintiff Kevin Glen Brown (herein "Plaintiff") alleges that this is a core proceeding as the term is defined by 28 U.S.C. § 157(b)(2) in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C § 1334 and 27 U.S.C. §157(b)(2).

## STATEMENT OF FACTS

3. Plaintiff filed the underlying Chapter 13 bankruptcy case on April 27, 2009.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon filing of the petition. This order served to invoke the provisions of 11 U.S.C. § 362(a).

5. The 341(a) meeting of creditors was held on June 10, 2009.

6. In the schedules filed with the petition in this case, a debt was listed in favor of U.S. Bank National Association (herein "Defendant") for the second deed of trust on Plaintiffs' residential real estate located at 5222 E. Karen Drive, Scottsdale, AZ 85254 (herein "real property"), more fully described as follows:

> Lot 60, The Covey, according to Book 195 of Maps, Page 43, Records of Maricopa County, Arizona.

7. Plaintiff believed and alleged in his petition and schedules that there was no equity in his real property to which the second mortgage could secure the loan; therefore, Plaintiff provided for Defendant's claim to be classified and paid as an unsecured claim under the terms of the plan.

8. Defendant has not filed an objection to the confirmation of the plan in this case.

9. Upon information and belief, the Defendant is an entity engaged in the business of consumer credit lending in the State of Arizona, and maintains a principle place of business in some state other than the State of Arizona.

**LEGAL DISCUSSION**

10. Under 11 U.S.C. § 506(a), a lien is only a secured claim to the extent there is value in the property to which it attaches. To the extent that the claim exceeds the value of the collateral, that portion of the claim is unsecured.

11. Plaintiff's interest in the real property is subject to a first lien arising out of a mortgage in favor of U.S. Bank Home Mortgage, Account No. xxxx-0356, in the amount of $221,445.80 (herein "Lien A").

12. Plaintiff's interest in the real property is subject to a second lien arising out of a second mortgage in favor of Defendant, Account No. xxxx-8053, in the amount of $98,234.77 (herein "Lien B").

13. Lien A was recorded on June 9, 2005 at Maricopa County Record No. 20050777346. Lien B was recorded on March 15, 2006 at Maricopa County Record No. 20060351705. Lien B was created and recorded after Lien A.

14. Plaintiff alleges that at the time the bankruptcy petition was filed and at the present time, his interest in the real property was and is valued at approximately $208,000.00.

15. After deducting Lien A from the real property's fair market value, there is no equity in the property to secure the interest of Lien B. Therefore, Lien B is wholly unsecured.

16. Pursuant to 11 U.S.C. §506(a), the Defendant has no allowable secured interest for the loan secured by the second deed of trust on the Plaintiff's real property. Therefore, Defendant's claims for the second mortgage loan should be properly treated as unsecured claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. That this Court determine that Defendant has no secured interest for the loan secured by the second deed of trust on the residential real property of the Plaintiff;

b. That this Court order Defendant to cancel the second mortgage lien on the residential real property of the Plaintiff located at 5222 E. Karen Drive, Scottsdale, AZ 85254 more fully described as Lot 60, The Covey, according to Book 195 of Maps, Page 43, Records of Maricopa County, Arizona, immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Plaintiffs within twenty (20) days from the date of the entry of said order at no charge or fee for the cancellation and delivery;

c. That the attorney for the Plaintiff be awarded reasonable legal fees; and

d. Grant such other relief as may be necessary and property under the law.

RESPECTFULLY SUBMITTED this 10 day of September 2009.

JOHN JOSEPH VOLIN, P.C.

BY: /s/ JJV #009880
John Joseph Volin
Trucly D. Pham
2033 East Warner Road, Suite 106
Tempe, Arizona 85284
Attorney for Plaintiffs/Debtors

4